H. J. SCOGGINS ET AL., ADMINISTRATORS OF HENRY J. SCOGGINS, DECEASED, v. SOUTHERN RAILWAY COMPANY ET AL.

(Filed 22 October, 1930.)

**Railroads D b—Evidence of contributory negligence of intestate in crossing defendant's tracks held insufficient to bar recovery as matter of law.**

In an action for damages against a railroad company for the negligent killing of plaintiff's intestate, struck by defendant's train as he was endeavoring to cross defendant's tracks at a grade crossing in a city, evidence tending to show that the train approached without warning and that the intestate stopped, looked and listened before going on the track and was prevented from seeing the approaching train by a string of box cars on another of defendant's tracks, is sufficient to resist defendant's motion as of nonsuit upon the issue of contributory negligence.

APPEAL by defendants from *Johnson, Special Judge,* at June Term, 1930, of DURHAM. No error.

This is an action to recover damages for the wrongful death of plaintiffs' intestate, who was struck and killed by one of defendants' trains at a public crossing in the city of Durham.

The issues submitted to the jury, involving the negligence of the defendant, and the contributory negligence of the deceased, as the proximate cause of the death of plaintiffs' intestate, were answered in accordance with the contentions of plaintiffs.

From judgment that plaintiffs recover of the defendants the sum of $2,000, the damages assessed by the jury, the defendants appealed to the Supreme Court.

*Long & Young for plaintiffs.*
*McLendon & Hedrick for defendants.*

PER CURIAM. Defendants' contention on their appeal to this Court, that there was error in the refusal of the trial court to allow their motion for judgment as of nonsuit, for that all the evidence showed that plaintiffs' intestate, by his own negligence contributed to the injuries which resulted in his death, cannot be sustained.

This case is readily distinguishable from *Pope v. R. R.,* 195 N. C., 67, 141 S. E., 350, and cases cited in support of the reversal of the judgment in that case. There was evidence tending to show that plaintiffs' intestate, before entering upon the crossing and immediately before he was struck by defendants' train, stopped, looked and listened for an approaching train; and that his failure to see the train approaching on the main line was due to the negligence of the defendants, in parking on the pass track a solid line of box-cars which extended from the crossing a distance of nearly a mile in the direction from which the train was approaching the crossing. There was evidence tending to show that this train was running at a rate of speed in excess of that prescribed by an ordinance of the city of Durham, and that no warning by the ringing of a bell or otherwise was given of the approach of the train. There was evidence on behalf of the defendants tending to contradict the evidence for the plaintiffs. All the evidence, pertinent to the issue involving contributory negligence, was submitted to the jury under a charge to which there was no exception. It is conceded that there was evidence tending to show that the death of plaintiffs' intestate was caused by the negligence of the defendants, as alleged in the complaint.

There was no error in the ruling of the trial judge on defendants' motion for judgment as of nonsuit at the close of all the evidence. The judgment is affirmed.

No error.